MATTER OF M—C—

In EXCLUSION Proceedings

A-12717851

*Decided by Board November 20, 1961*

Expatriation—Sections 349(a)(5) and 349(b)—Voting in Mexico.

Voting in 1952 and 1960 in Mexican elections by dual national of United
   States and Mexico who has resided continuously in Mexico since 1932 is
   conclusively presumed to have been voluntary, resulting in expatriation
   pursuant to sections 349(a)(5) and 349(b) of the Act.

EXCLUDABLE: Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—No
   valid immigrant visa.

BEFORE THE BOARD

DISCUSSION: The case comes forward on appeal from the order
of the special inquiry officer dated September 29, 1961, finding the
applicant to be an alien and inadmissible on the ground stated above.

The applicant testified that he was born in Kansas City, Kansas,
on March 25, 1920, the son of Mexican citizen parents, now deceased.
As evidence of his birth, he submitted a certificate of baptism
showing that J—E—M—, the son of J—M— and C—C—, was born
on March 25, 1920, at Kansas City, Kansas, and was baptized on
April 16, 1920, according to the Rite of the Roman Catholic Church
in Our Lady of Guadalupe Church at Kansas City, Missouri. The
applicant testified that his parents were Mexican citizens at the time
of their death and were never naturalized in this country. The spe-
cial inquiry officer has conceded for the purpose of this proceeding
that the applicant was a citizen of the United States at birth and also
possessed Mexican nationality under Article 30 of the Political Con-
stitution of Mexico.

The applicant testified that he has resided in Mexico continuously
since 1932, is married to a citizen of Mexico and has seven children,
all born in Mexico. Since 1950 he has lived in Nuevo Laredo,
Mexico, where he resides with his family and owns a tailor shop
there. The applicant testified that in 1952 he voted in Nuevo Laredo,
Mexico, in the presidential election for the candidate, R—C—, and
that he voted in 1960 in the municipal election in Nuevo Laredo for
Dr. I—V— for mayor.

516

The applicant, a dual national of the United States and of Mexico, has resided in Mexico continuously since 1932 and has testified that he voted in 1952 and 1960. These acts of voting constitute expatriative acts under section 349(a)(5) of the Immigration and Nationality Act (8 U.S.C. 1481(a)(5)). Section 349(b) (8 U.S.C. 1481(b)) provides that any person who commits or performs any act specified in subsection (a) shall be conclusively presumed to have done so voluntarily and without having been subjected to duress of any kind, if such person at the time of the act was a national of the state in which the act was performed and had been physically present in such state for a period or periods totaling ten years or more immediately prior to such acts.

In the instant case it has been established that the applicant was a national of Mexico and had resided in that country continuously since 1932. The conclusive presumption in section 349(b), therefore, attaches to his act of voting which constitutes expatriation under section 349(a)(5) of the Immigration and Nationality Act.[1] The applicant is, therefore, an alien and is inadmissible on the documentary ground set forth in the heading.

The findings of fact and conclusion of law made by the special inquiry officer on September 29, 1961, are hereby adopted, except that Finding of Fact (2) is amended to read:

(2) That at the time of his birth the applicant was a dual national of the United States and of Mexico;

present Findings of Fact (2) to (6) are renumbered (3) to (7); and Conclusion of Law (1) is amended to read:

(1) That under section 349(a)(5) and section 349(b) of the Immigration and Nationality Act, the applicant lost United States citizenship by voting in Mexican elections in 1952 and 1960;

and present Conclusion of Law (1) is renumbered Conclusion of Law (2).

ORDER: It is ordered that the appeal be and the same is hereby dismissed.

---

[1] *Matter of M—G—, 7—665.*